UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-1090-SRW |
| | ) |
| CIRKLE K GAS STATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of Plaintiff Clint Phillips, III for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir.

2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who has filed the instant civil action pursuant to 42 U.S.C. §§ 1983, 1985, and 2000.[1] ECF No. 1 at 6. His complaint names Circkle K Gas Station (hereinafter "Circle K") as the sole defendant. Pursuant to the aforementioned statutes, he asserts four "causes" as follows: (1) discrimination in a public accommodation; (2) unreasonable arrest; (3) false imprisonment; and (4) abuse of process and authority. *Id.*

---

[1] The Court notes Plaintiff is a frequent *pro se* and *in forma pauperis* litigator in this Court. This case is one of thirty-nine civil actions he has filed to date in this Court since 2010.

2

Plaintiff alleges that on October 13, 2022 he was shopping at the Circle K located on 35 S. Grand in St. Louis, Missouri. *Id.* at 7. While attempting to make a purchase, Plaintiff states the gas station attendant directed him to remove his mask and hood. *Id.* After complying, Plaintiff claims the attendant "had mistaken [him] for someone else" and told him he was "not welcome in their establishment." *Id.* The attendant called security who removed him from the store. *Id.* Plaintiff alleges the attendant "provided security with false and misleading information about [him] shoplifting and committing thefts at their store[.]" *Id.* He further claims that "every store attendant present at the time" and the security guard "had a mutual understanding and a meeting of the minds when they conspired to have [him] removed from the store[.]" *Id.* Plaintiff alleges he "was unable to terminate the encounter and go about [his] business and continue shopping," which "qualif[ied] as a valid unlawful arrest and false imprisonment[.]"

For relief, Plaintiff seeks $8.4 million in punitive damages "because they were malicious and had a reckless disregard for [his] civil rights." *Id.* at 8.

## Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. §§ 1983, 1985, and 2000 against Circle K Gas Station. For the reasons discussed below, this action must be dismissed for failure to state a claim.

### A. 42 U.S.C. § 1983 Claim

In order to state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). To that end, pursuant to § 1983, a defendant can only be held liable for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552 F.3d

3

648, 650 (8th Cir. 2008). *See also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); and *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

When a private party acts under color of state law, it can be held liable under § 1983. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). However, a private party may *only* be held liable "if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). In order to state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

In this case, Circle K is a private corporation, not a state actor. Furthermore, the conduct it is accused of undertaking, that of requiring Plaintiff to leave the premises because an attendant mistakenly identified him as a frequent shoplifter, cannot be fairly attributable to the State of Missouri or be said to have derived from state authority. Plaintiff has also failed to establish that Circle K was a "willful participant in joint activity with the State or its agents." While Plaintiff concludes there was a conspiracy between gas station attendants and a private security guard, he has not provided a single fact to indicate that Circle K and a state agent or entity, came to a mutual understanding or meeting of the minds. Because Plaintiff has not shown that Circle K is a state

4

actor or acted under color of state law, he has failed to establish one of the necessary elements of a 42 U.S.C. § 1983 claim. Therefore, Plaintiff's § 1983 claim against Circle K must be dismissed.[2]

Even if Circle K was assumed to have acted under color of state law, Plaintiff has failed to demonstrate that it violated his constitutional rights. He has not presented factual allegations showing he actually suffered a constitutional deprivation, much less that Circle K was responsible for any such violations. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Instead, as noted above, Plaintiff alleges only that he was mistaken for a shoplifter, was told to leave the store by Circle K employees, and was informed the ban was permanent. These actions, in and of itself, is not violative of the constitution, and Plaintiff provides no support for the contention that these actions violated his rights in this instance. Therefore, for this reason as well, Plaintiff's 42 U.S.C. § 1983 claim against Circle K must be dismissed.

### B. 42 U.S.C. § 1985 Claim

In order to establish a civil conspiracy under 42 U.S.C. § 1985, a plaintiff must demonstrate "(1) that the defendants conspired, (2) with the intent to deprive him of equal protection of the laws, or equal privileges and immunities under the laws, (3) that one or more of the conspirators did, or caused to be done, any act in furtherance of the object of the conspiracy, and (4) that he was injured or deprived of having and exercising any right or privilege of a citizen of the United States." *Mendoza v. United States Immigration & Customs Enforcement*, 849 F.3d 408, 421 (8th Cir. 2017). The first element requires the plaintiff to "allege with particularity and specifically

---

[2] The Court notes Plaintiff has previously filed claims against private entities and has been informed that such causes of action do not state a claim under 42 U.S.C. § 1983. For example, in *Phillips v. Akbar, et al.*, Case No. 21-CV-909-NCC, Mr. Phillips sued United Mart for failing to sell him a winning lottery ticket. *See also Phillips v. Wal-Mart, et al.*, Case No. 4:20-CV-1276-SNLJ (Mr. Phillips sued a retail outlet, a non-state actor) and *Phillips v. St. Louis Community Credit Union, et al.*, Case No. 4:20-CV-1275-MTS (Mr. Phillips sued a credit union, a non-state actor).

5

demonstrate with material facts that the defendants reached an agreement." *Johnson v. Perdue*, 862 F.3d 712, 717-18 (8th Cir. 2017). *See also Crutcher-Sanchez v. Cty. of Dakota*, 687 F.3d 979, 987 (8th Cir. 2012) ("A conspiracy claim requires evidence of specific facts that show a meeting of the minds among conspirators"). Conjecture and speculation are insufficient to prove the existence of a conspiracy. *Mettler v. Whitledge*, 165 F.3d 1197, 1206 (8th Cir. 1999). Furthermore, unless there is a constitutional violation, there is no actionable conspiracy claim. *Robbins v. Becker*, 794 F.3d 988, 997 (8th Cir. 2015).

Here, Plaintiff has not alleged "with particularity" that Circle K reached an agreement with any governmental entity or agent with regard to the lawsuit filed by Plaintiff. Aside from Plaintiff's conclusory assertion that privately employed individuals engaged in a conspiracy, he has not alleged anything further. Indeed, there is not even enough factual material upon which to engage in speculation or conjecture. As Plaintiff has not adequately pleaded the first element of a 42 U.S.C. § 1985 claim, this claim against Circle K must be dismissed.

Furthermore, even if Plaintiff had met the first element, he has not shown a constitutional violation. Plaintiff broadly writes "unreasonable arrest," "false imprisonment," and "abuse of process and authority," but does not even assert he was subsequently arrested or detained by a state or governmental actor at any point. He has not established Circle K did anything to violate his constitutional rights. The only thing Plaintiff accuses Defendant of is having an employee mistakenly identify him as a serial shoplifter and requiring him to exit the store and not return. None of these actions, without more, demonstrate a violation of the constitution. Therefore, for this reason as well, Plaintiff's 42 U.S.C. § 1985 claim against Circle K must be dismissed.

**C. 42 U.S.C. § 2000 Claim**

Section 2000a states that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation *on the ground of race, color, religion, or national origin*." 42 U.S.C. § 2000a(a) (emphasis added). "[T]he statute is directed solely at discrimination on the grounds of race, religion, color, or national origin." *Rose v. Springfield-Greene Cnty. Health Dep't*, 2008 WL 11337266, at *2 (W.D. Mo. Dec. 5, 2008).

Here, Plaintiff alleges that a gas station attendant mistakenly identified him as a different person who previously shoplifted at the Circle K. Plaintiff makes no mention of discrimination on the basis of race, religion, color, or national origin. Thus, the Court finds Plaintiff has failed to state a claim under § 2000a against Circle K.

**Motion to Appoint Counsel and Motion for Summary Judgment**

Plaintiff has filed a motion to appoint counsel, ECF No. 3, and a one-page motion for summary judgment, ECF No. 4. These motions will be denied as moot as this action is being dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [ECF No. 4] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 10th day of November, 2022.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE